IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| SHERRY GAUL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIGNALHIRE LLC, a Polish Limited Liability Company,<br><br>Defendant. | Case No.<br><br>Judge: |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sherry Gaul ("Plaintiff") brings this Class Action Complaint against Defendant SignalHire LLC ("SignalHire" or "Defendant") to put an end to Defendant's unlawful practice of using the names and identities of Illinois residents without their consent to promote its paid services. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows upon personal knowledge as to her own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by her own attorneys.

**NATURE OF THE ACTION**

1.  Defendant SignalHire operates a website that sells access to a database containing proprietary information to anybody willing to pay SignalHire for access to it.

2.  To market its services, SignalHire encourages consumers to perform a free people search on its websites. When consumers perform a free search for an individual, SignalHire displays a webpage featuring the searched-for individual's full name alongside certain uniquely identifying information, including the searched-for individual's employment history, job title, and job description. The purpose of these pages is twofold: first, it shows potential customers

that SignalHire's database contains detailed reports for the *specific* individual who is the subject of a search and represents that a paid report contains much more information about the individual than the "free" report such as their contact information; and second, Defendant offers to sell visitors a paid subscription to Defendant's services, where visitors can access detailed reports about *anybody* in its database. In other words, SignalHire does not offer to sell detailed reports only about the individuals searched on its websites, but rather, uses those individuals' identities to sell subscriptions to paid services.

3. Unsurprisingly, the people appearing in these advertisements never provided SignalHire with their consent (written or otherwise) to use their identities for any reason, let alone for its own marketing and commercial purposes.

4. By knowingly using Plaintiff's identity in its advertisements without consent and for Defendant's own commercial gain, SignalHire violated—and continues to violate—Illinois' right of publicity statute. 765 ILCS 1075/1, *et seq*.

## PARTIES

5. Plaintiff Sherry Gaul is a natural person and resident of Normal, Illinois, and a citizen of the State of Illinois.

6. Defendant SignalHire LLC is a Polish limited liability company with its principal place of business located at Złota Street, No. 75A, Loc. 7, 00-819, Warsaw, Poland.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Class is a citizen of a state different from the Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under the

subsection apply to this action.

8.  This Court has personal jurisdiction over Defendant because it transacts significant business in this District and a substantial part of the events giving rise to Plaintiff's claims arose in this District.

9.  Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims arose in this District.

## FACTUAL ALLEGATIONS

### I. THE ILLINOIS RIGHT OF PUBLICITY ACT

10. The Illinois Right of Publicity Act states that a "person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent[.]" 765 ILCS 1075/30.

11. The Act defines a "commercial purpose" as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; [and/or] (ii) for purposes of advertising or promoting products, merchandise, goods, or services[.]" 765 ILCS 1075/5.

### II. SIGNALHIRE USES INDIVIDUALS' IDENTITIES TO PROMOTE ITS PAID SUBSCRIPTION SERVICE

12. SignalHire owns and operates a website that sells paid access to a database that provides contact information for individuals. SignalHire compiles its database in part from corporate websites and social media accounts.

13. Access to SignalHire's database must be purchased from its website, which allows its paying customers to perform searches on anyone in its database to obtain, *inter alia*, any individual's contact information that it maintains.

14.     SignalHire creates landing pages for each individual found within its database that feature the individual's full name alongside certain uniquely identifying information such as the individual's location, employer, job title, and links to social media accounts (the "Marketing Page"). SignalHire users can view the Marketing Page by performing a search on the SignalHire website by using the individual's first and last name. *See* Figure 1.



**(Figure 1)**

15.     SignalHire presents an offer to start a free trial to access its paid database on the Marketing Page which features the searched individual's identifying information. Specifically, SignalHire prompts the consumer to "Start free trial." *See* Figure 2.



**(Figure 2)**

16. SignalHire sells paid access to its database after the trial period expires. For example, SignalHire charges $49 per month for its most basic subscription.

17. While a consumer may visit SignalHire to search and potentially obtain information on one specific individual, SignalHire ultimately offers for sale an entirely different product. SignalHire is not offering for sale only information on the searched-for individual. Instead, SignalHire is offering for sale a monthly subscription service that grants the purchaser unlimited access to its business database. The searched-for individual's contact information is a small part of a large database.

18. In this way, SignalHire misappropriated people's identities (individuals' names and other identifying information) for its own commercial benefit (i.e., to market and promote a monthly subscription to access unlimited reports on individuals in its database).

19. Most importantly, SignalHire never obtained written consent from Plaintiff and Class members to use their names and identities for any reason, let alone for commercial purposes. SignalHire never notified Plaintiff and Class members that their names would appear on its Marketing Page in conjunction with an offer to purchase subscription access to its database

of reports. Moreover, Plaintiff and the Class members have no relationship with SignalHire whatsoever.

## FACTS SPECIFIC TO PLAINTIFF GAUL

20. Plaintiff Sherry Gaul's identity has been used by SignalHire to solicit the purchase of paid subscriptions to SignalHire's database, including by specifically identifying Plaintiff Gaul by her full name, location, and employment history.

21. Plaintiff Gaul never provided SignalHire with her written consent (or consent of any kind) to use any attribute of her identity for commercial purposes, and certainly never authorized SignalHire to use her identity to promote any of its products or services.

22. SignalHire has never provided Plaintiff Gaul with compensation of any kind for its use of her identity in connection with any advertising.

23. Plaintiff Gaul is not and never has been a customer of SignalHire. In fact, she has no relationship with SignalHire whatsoever.

## CLASS ALLEGATIONS

24. **Class Definitions**: Plaintiff Gaul brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> All individuals in the State of Illinois (1) whose identities were displayed on a Marketing Page, and (2) who have never purchased any products or services from Defendant.

25. Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel

and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Ascertainability and Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendant used Plaintiff's and Class members' names and identities for a commercial purpose;

    b. Whether Plaintiff and Class members provided their written consent to Defendant to use their names and identities in advertisements;

    c. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act; and

    d. Whether Plaintiff and Class members are entitled to injunctive relief.

28. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and

protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defense unique to Plaintiff.

30. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and

comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## COUNT I
### Violation of the Illinois Right of Publicity Act
### 765 ILCS 1075/1, *et seq.*
### (On behalf of Plaintiff Gaul and the Class)

32. Plaintiff Gaul incorporates the foregoing allegations as if fully set forth herein.

33. Plaintiff Gaul brings this claim individually and on behalf of the members of the Class.

34. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

35. As shown above, Defendant used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

36. The Marketing Page has a commercial purpose in that it promotes the Defendant's website and encourages potential customers to purchase paid subscriptions to access its full databases.

37. Defendant deprived Plaintiff and Class members of control over whether and how their names can be used for commercial purposes.

38. By using the identities of Plaintiff and Class members in advertisements to sell its services, Defendant derived economic value from Plaintiff and Class members' identities and, in turn, deprived Plaintiff and Class members of such value. Defendant did not compensate Plaintiff and Class members for its use of their identities. This conduct resulted in economic injury to Plaintiff and Class members.

39. Plaintiff is domiciled and suffered injury in Illinois.

40. Defendant's conduct was committed intentionally, willfully, and knowingly.

41. As the subject of a commercial transaction, the aspects of Plaintiff Gaul's and the Class's identities that Defendant uses to advertise its products have commercial value.

42. Based upon Defendant's violation of the Illinois Right of Publicity Act, Plaintiff and Class members are entitled to (1) an injunction requiring Defendant to cease using Plaintiff's and members of the Class's names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and Class members' names and identities) or statutory damages of $1,000 per violation to the members of the Class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

a. Certifying this case as a class action as defined above, appointing Plaintiff Gaul as Class Representative, and appointing her attorneys as Class Counsel;

b. Declaring that Defendant's actions described herein constitute a violation of the Illinois Right of Publicity Act;

c. Awarding injunctive and other equitable relief as necessary to protect the interest of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

d. Awarding statutory damages in amounts to be determined by the Court and/or jury;

e. Awarding punitive damages where applicable;

f. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

g.  Awarding Plaintiff and the Class pre- and post-judgment interest; and

h.  Granting such other and further relief as the Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: August 10, 2023

**SHERRY GAUL**, individually and on behalf of all others similarly situated,

By: /s/ Michael Ovca
*One of Plaintiff's Attorneys*

Michael Ovca
movca@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378

Philip L. Fraietta
pfraietta@bursor.com
Julian C. Diamond*
jdiamond@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163

* *Pro Hac Vice* admission to be sought

*Attorneys for Plaintiff and the putative Class*